STATE EX REL. MISSOURI PACIFIC RAILROAD COMPANY, a Corporation, Relator, v. FRANCIS H. TRIMBLE, EWING C. BLAND and HENRY L. ARNOLD, Judges of the Kansas City Court of Appeals.—59 S. W. (2d) 622.

Division One, April 20, 1933.

*Thomas J. Cole* and *Roy W. Rucker* for relator.

*W. W. McCanles* for respondents.

GANTT, J.—Relator seeks to have quashed the opinion of the Kansas City Court of Appeals in Atchison v. Missouri Pacific Railroad Co., 46 S. W. (2d) 230. In that case plaintiff sued for damages for injuries sustained while performing his duties as an employee of defendant. The pleadings were not challenged and the evidence sustained the allegations of the petition.

The answer was a general denial with a plea that defendant settled with plaintiff before the institution of the suit and that plaintiff

executed a written release discharging defendant from all claims for damages resulting from the injuries mentioned in the petition. The reply alleged that the release was obtained by fraud.

Defendant contended that there was no evidence tending to sustain the allegation that the release was obtained by fraud. In ruling the question the Court of Appeals said:

"If there was any substantial evidence, though slight, tending to show that plaintiff was induced by false representations, upon which he relied, to sign the release, it was incumbent on the court to submit the issue to the jury. [Knapp v. Hanley, 108 Mo. App. 353, 83 S. W. 1005.]

"Plaintiff testified that he sustained injuries which rendered him unconscious; that thereupon defendant employed a doctor to treat him; that shortly thereafter defendant sent him to a hospital in Kansas City, thence to a hospital in St. Louis; that four or five days later he returned to his home and went to see the 'company doctor,' Dr. Postum, who thereafter dressed the wound on his head six or eight times; that after talking with defendant's superintendent he again went to see the doctor. 'I says "Doctor, I want to know about my conditions; I want to know whether I am all right or not?"' He says, 'Why sure, you are all right, make your settlement and go back to work.' That he relied upon that statement; that 'I knew I didn't feel all right. . . . I thought I would be all right;' that thereafter defendant's claim agent came to see him and 'told me he had talked to the doctor (Postum), and the doctor told him I was all right;' that in a few days thereafter he returned to work. 'Worked possibly a week and a half or two weeks . . . then I was laid off.'

"There was evidence that plaintiff's injuries were severe and that he was suffering from them at the time of the trial.

"Dr. Postum testified that he had not examined plaintiff 'except I dressed his head;' that he did not say anything to plaintiff about his physical condition.

"If Dr. Postum made the statement attributed to him, plaintiff had the legal right to rely thereon.

"The claim agent testified that he did not say anything to plaintiff about his physical condition, nor did he say that Dr. Postum had told him that plaintiff 'was all right;' that 'I never had seen the doctor.'

"The jury could believe all the testimony of the claim agent or none of it, or accept it in part and reject it in part. Under the rule stated the jury could find that the claim agent made the statement knowing it was false, and that it was made to induce, and did induce the settlement. If the release was obtained as stated by plaintiff, the law will not uphold the transaction.

"In view of the verdict, the facts and circumstances in evidence must be considered in a light most favorable to plaintiff, and when

thus considered we cannot judicially say that there was no evidence that the release was obtained by fraud. The question was for the jury, and by its verdict we are bound.

"The evidence in the respect under consideration is in legal effect the same as that considered by the Supreme Court in the case of Macklin v. Fogel Construction Company, 326 Mo. 38, 31 S. W. (2d) 14, which was held to be sufficient to warrant the court in submitting the question of fraud to the jury."

Defendant challenges this ruling of the Court of Appeals as in conflict with decisions of this court as follows: Conklin v. Missouri Pacific Railroad Co., 331 Mo. 734, 55 S. W. (2d) 306; Brennecke v. Ganahl Lumber Co., 329 Mo. 341, 44 S. W. (2d) 631; Homuth v. Ry. Co., 129 Mo. 629, 31 S. W. 903; McFarland v. Ry. Co., 125 Mo. 253, 28 S. W. 590.

In the Conklin case the injured employee was unable to learn from the doctors about his condition. He so informed the claim agent, who called to settle with him. Thereupon the claim agent stated that the doctor in charge had told him that said employee would be well and out of the hospital in three or four months. The employee relied on this statement and settled with the company. The doctor had not so informed the claim agent. We held that the employee, or his wife who was present, could have ascertained from the doctor who daily visited the employee if the statement of the claim agent was true. We further held that there was no evidence tending to show that the claim agent resorted to fraud or in any way induced the employee to refrain from inquiring of the doctor about the matter.

In the Brennecke case the release was challenged on the ground that the claim agent represented to the employee that he was merely signing a receipt for his wages. We held that under the facts of that case the employee should have read the release before signing it. We further held that he had an opportunity to learn the terms of settlement by reading the voucher which he retained for several days before cashing it.

In the Homuth case the company's doctor told the injured passenger that in his opinion "she would be up and around in about fourteen days." However, he advised her to inquire of her doctor about her condition. She did so and he expressed the same opinion. The injured passenger and her husband read the release before signing it and admitted on the trial that they had not been misled.

Relator points to no conflict with the McFarland case, and we find none.

Thus it appears that the ruling of the Court of Appeals is not in conflict with the rulings of this court in the cases cited. The writ should be quashed. It is so ordered. All concur, except *Hays, J.*, not voting because not a member of the court at the time cause was submitted.